IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAMPUS DOCUMENT SYSTEMS, INC. § | | |
| D/B/A UNIVERSITY COPY CENTER § | | |
| § | | |
| VS. § | CIVIL ACTION NO. _____ | |
| § | | |
| OCÉ FINANCIAL SERVICES, INC. AND § | | |
| OCÉ NORTH AMERICA, INC. § | | |

PLAINTIFF UNIVERSITY COPY CENTER'S
COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff Campus Document Systems, Inc. d/b/a University Copy Center ("UCC"), and files its Complaint for Declaratory Judgment against Defendants Océ Financial Services, Inc. and Océ North America, Inc. (collectively, "Océ"), respectfully showing the Court as follows:

### I. PARTIES, JURISDICTION & VENUE

1.  UCC is a Texas corporation with its principal place of business in Houston, Texas.

2.  Océ Financial Services, Inc. is a corporation that is incorporated under the laws of the State of Delaware with its principal place of business in Connecticut. Océ Financial Services, Inc. is qualified to do business in Texas and does, upon information and belief, routinely conduct business in Texas in the form of providing copiers and copy supplies to businesses of the state. Océ Financial Services, Inc. may be given notice of this complaint by service upon its registered agent, CT Corporation System, at the registered office located at 350 N. St. Paul Street, Dallas, Texas 75201, or at any other location in the state where it may be found.

3. Océ North America, Inc. is a corporation that is incorporated under the laws of the State of Delaware with its principal place of business in Connecticut. Océ North America, Inc. is qualified to do business in Texas and does, upon information and belief, routinely conduct business in Texas in the form of providing copiers and copy supplies to businesses of the state. Océ North America, Inc. may be given notice of this complaint by service upon its registered agent, CT Corporation System, at the registered office located at 350 N. St. Paul Street, Dallas, Texas 75201, or at any other location in the state where it may be found.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Océ is a citizen of a different state than UCC and the amount in dispute exceeds $75,000.00.

5. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## II. **BACKGROUND**

6. UCC brings this claim for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202. This matter involves a dispute about the interpretation of a settlement agreement.

7. Océ is in the business of providing digital document management and technology products and services around the world. UCC, among other things, provides copier services to colleges and universities. UCC has four locations in Houston, Texas, including one location at 52 University Center Drive, Houston, Texas 77204 (the "University location").

8. Pursuant to a lease agreement between UCC and Océ, Océ leased copy machines and provided toner for use in those copy machines to UCC. The toner was included in the monthly lease payment that UCC made to Océ. The amount of toner that UCC could order from Océ was based on

the volume of copies made at a particular location. Three of the copy machines leased to UCC were located at the University location.

9. Mohamed Ghalib (Ghalib") was an employee of UCC at the University location responsible for ordering copier supplies, including bottles of toner, from Océ. In June 2007, Océ belatedly noted that the amount of toner ordered by the University location far exceeded the number of copies recorded on the copy machines. Océ calculated that the University location received 9,987 excess bottles of toner and eventually sent an invoice (the "Invoice") to UCC seeking payment in the total amount of $788,973.00 for the excess bottles of toner. *See* Exhibit "1."

10. Further investigation revealed that for more than two years, Ghalib had been ordering bottles of toner from Océ, removing the bottles from the University location, re-selling them, and keeping any amounts received. Accordingly, on October 31, 2007, a grand jury indicted Ghalib for fifteen counts of mail fraud under 18 U.S.C. § 1341. The criminal proceedings against Ghalib were before this Court in *United States of America v. Mohamed Ghalib*, Case Numbers 07-CR-00446 and 07-CR-00446-01.[1]

11. Even prior to the indictment of Ghalib, a dispute had arisen between UCC and Océ regarding payment of the Invoice. To settle the dispute, the parties conducted settlement negotiations[2] and ultimately entered into a settlement agreement dated November 30, 2007 (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit "3." The

---

[1] UCC respectfully requests that the Court take judicial notice of the documents on file in Case Numbers 07-CR-00446 and 07-CR-00446-01pursuant to Federal Rule of Evidence 201(b).

[2] True and correct copies of letters between Océ and UCC are attached hereto as Exhibit "2." The letters attached as Exhibit "2" set forth the terms of settlement discussed by the parties leading up to the execution of the November 30 settlement agreement. Accordingly, should Océ argue that the terms of the settlement are ambiguous, those terms and the parties' understanding of those terms are evidenced in the attached letters.

Agreement provides that UCC will pay Océ $100,000.00 in 36 monthly installments beginning in December 2007.  *See* Exhibit "3."  The Agreement further states, "UCC and Océ will split on a dollar for dollar basis and [sic] recovery in claims against Mohammed [sic] Ghalib after payment of UCC's legal expenses. . . ."  *See* Exhibit "3."  To date, UCC has paid $5,555.56 pursuant to the Agreement, leaving a balance of $94,444.44.

12.  On January 16, 2008, Ghalib pleaded guilty to fifteen counts of mail fraud, and judgment was entered against him on April 21, 2008.  A true and correct copy of the judgment is located at Docket No. 34 in Case Number 07-CR-00446 and is attached hereto as Exhibit "4."  Ghalib was ordered to make restitution in the total amount of $629,151.00.  *See* Exhibit "4" at p. 5.  The judgment specifically provides that "[r]estitution to Oce is subject to the provisions of the mutual agreement reached with UCC on November 30, 2007."  *See* Exhibit "4" at p. 6.  The Court also ordered that the amount of $284,431.11 (the "Partial Restitution") in the registry of the Clerk's office be forwarded directly to Océ subject to the Agreement.  *See* Exhibit "4" at p. 6.  It is the disposition of this money that is the subject of this dispute.

13.  A dispute has arisen between UCC and Océ regarding UCC's entitlement to the Partial Restitution.  UCC maintains that its attorney's fees in the amount of $20,815.00 should be paid out of the Partial Restitution.  Then the remaining amount of $263,616.11 should be divided equally between UCC and Océ so that UCC and Océ each receive $131,808.05.  Adding $131,808.05 to the $20,815.00 for attorney's fees results in a total amount due to UCC of $152,623.05.  This amount should either offset the $94,444.44 balance that UCC is to pay Océ pursuant to the Agreement leaving a balance owed to UCC of $58,178.61 or be paid directly to UCC in a lump sum payment of $152,623.05.  However, Océ has refused to remit the funds owed to UCC

and has demanded payment from UCC in the amount of $94,444.44. A copy of Océ's email to UCC refusing to remit the funds to UCC and demanding payment is attached hereto as Exhibit "5."

### III.  DECLARATORY JUDGMENT

14. UCC incorporates paragraphs 1 through 12 as if fully restated.

15. This Court has the power pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, to decide and determine the issues presented in this action and may enter a final judgment with respect to these issues.

16. UCC seeks a declaration from this Court that, pursuant to the Agreement, UCC is entitled to recover its legal expenses in the amount of $20,815.00 from the Partial Restitution; that UCC and Océ must evenly split the remaining Partial Restitution; and that UCC is entitled to the total amount of $152,623.05 from the Partial Restitution.

**WHEREFORE, PREMISES CONSIDERED**, UCC prays that upon consideration hereof by the Court, the Court issue an Order declaring that UCC is entitled to the total amount of $152,623.05 from the Partial Restitution, which amount consists of UCC's attorney's fees in the amount of $20,815.00 and half of the remaining amount of the Partial Restitution after UCC's attorney's fees are deducted; that any future restitution recovered in connection with the Court's judgment entered against Ghalib on April 21, 2008 and located at Docket No. 34 in Case Number 07-CR-00446 be split equally between Océ and UCC; and for such other and further relief, both general and special, at law and in equity, to which UCC is justly entitled.

Respectfully submitted,

By: /s/ Angela N. Offerman
    Clayton C. Cannon
    Attorney-in-Charge
    State Bar No. 03745200
    Federal Bar No. 13686
    ccannon@sftxlaw.com
    Angela N. Offerman
    Of Counsel
    State Bar No. 24051130
    Federal Bar No. 607970
    aofferman@sftxlaw.com
    Stumpf Farrimond, P.C.
    1400 Post Oak Blvd., 4th Floor
    Houston, Texas 77056
    713.871.0919
    713.871.0408 (fax)

**ATTORNEYS FOR PLAINTIFF,**
**CAMPUS DOCUMENT SYSTEMS, INC.**
**D/B/A UNIVERSITY COPY CENTER**